IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SERGIO AVILA DAGATAN VI, | ) | CIVIL NO. 20-00061 JAO-KJM |
| | ) | |
| Plaintiff, | ) | ORDER TO SHOW CAUSE |
| | ) | |
| vs. | ) | |
| | ) | |
| PROGRESSIVE AUTO | ) | |
| INSURANCE COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER TO SHOW CAUSE

On February 7, 2020, Plaintiff Sergio Avila Dagatan VI ("Plaintiff"), who is self-represented and not incarcerated,[1] filed a civil Complaint, ECF No. 1, against Progressive Auto Insurance Company ("Progressive"), Oahu Extractions LLC ("Oahu Extractions"), and Island Insurance Company ("Island Insurance"). Also on February 7, 2020, Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs ("Application") using the Court's provided form. ECF No. 2. For the following reasons, the Court ORDERS Plaintiff to SHOW

---

[1] Although Plaintiff filled in the blank line following, "If incarcerated. I am being held at:," on this Court's form Application to Proceed in District Court without Prepaying Fees or Costs, it appears to be in error, as he completed the blank with the name of a bank and an account number. ECF No. 2 at 1. He also filled in the blank following, "If not incarcerated. If I am employed, my employer's name and address are:." *Id.*

CAUSE by **March 16, 2020** as to why the Complaint should not be dismissed for lack of subject matter jurisdiction, and therefore refrains from ruling on the Application until after such date.

The Court screens the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).[2] The Complaint refers[3] to a "demand letter" dated February 6, 2020 from Plaintiff to a "Ms. Shaina Tavika" of Progressive, ECF No. 1-2, alleging that on August 23, 2019, Plaintiff, who was insured by Island Insurance, was in an auto collision, rear-ended by a person who was negligent in driving a commercial company vehicle for Oahu Extractions LLC, which was insured by Progressive. Plaintiff appears to

---

[2] With respect to proceedings in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> . . .
> (B) the action or appeal--
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

[3] "I attached in my demand letter all information needed in regards to this complaint[.]" ECF No. 1 at 5.

wish to "bring this matter to a conclusion" with a "reasonable and equitable settlement." *Id.* at 2. He itemizes a list of expenses and losses due to the auto collision, and requests relief totaling $15,140,000 for "serious injuries whiplash cervical," "back pain lumbar strain spine," "right shoulder, muscle strain, immobilized sling," "pain and suffering," "financial burden upon family loss of income," "loss of wages," and "damages out-of-pocket expenses." ECF No. 1 at 6. He asks that Progressive "[p]lease respond within 15 bussiness [sic] days." *Id.* at 13.

As an initial matter, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The Court is presumed to lack subject matter jurisdiction, and a plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If the Court lacks subject matter jurisdiction, an action must be dismissed. Fed. R. Civ. P. 12(h)(3).

Plaintiff asserts that his claims are based both on a federal question and diversity of citizenship. *See id.* at 4 (checking boxes labeled "Federal question" and "Diversity of citizenship" in answer to "What is the basis for federal court jurisdiction?"). Notably, however, Plaintiff does not identify a specific federal

3

question upon which this case is based.[4] A liberal construction of Plaintiff's Complaint, *see Eldredge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed federal courts to liberally construe the 'inartful pleading' of pro se litigants.'" (citation omitted)), demonstrates that Plaintiff asserts some kind of contractual claim against his own insurance company, Island Insurance, as well as tort claims against Oahu Extractions, the company by whom the driver of the vehicle that collided with him was employed. Based on this liberal interpretation and Plaintiff's failure to clarify otherwise, it does not appear that Plaintiff identifies any basis for federal question jurisdiction.

Federal district courts have original jurisdiction based on diversity, i.e., over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing

---

[4] Plaintiff's Complaint consists of a fill-in-the-blank form. *See generally* ECF No. 1. Under the blank that asks, "List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Plaintiff does not identify any federal law, but instead writes: "[L]awsuit versus insurance company of own fault liability[;] litigation versus insurance company, harass policy holder[,] injured person always[s] pay the insurance quote; stop personal injury protection liability according to own policy limit PIP $ 10,000 and bodily injury (IPIP) $ 20,000."

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

The Complaint asserts the amount in controversy is in excess of $75,000 and asserts that Plaintiff is a citizen of Hawaiʻi. ECF No. 1 at 4. Although the Complaint appears to indicate that both Progressive and Island Insurance are incorporated entities and Oahu Extractions is a limited liability company or LLC, the Complaint does not identify the citizenships of Defendants. *See id.* at 4–5 (leaving blank the citizenships of Defendants). Notably, though, the Complaint indicates each Defendant has mailing addresses in Hawaiʻi. *See id.* at 2–3. Thus, on the Complaint's face, not only are there no allegations as to Defendants' citizenships, but it appears that Defendants might be citizens of Hawaiʻi, and if so, the Court would lack diversity jurisdiction.

Absent the foregoing information, the Court is unable to ascertain whether subject matter jurisdiction exists. Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff must file a response to this Order to Show Cause by **March 16, 2020**, by providing the federal question at issue in this suit,

and/or completing information concerning the citizenship of the named defendants.[5]

Plaintiff shall respond to this Order to Show Cause by **March 16, 2020**. The Court refrains from ruling on the Application until after such date. Failure to respond to the Order to Show Cause will result in a finding that Plaintiff has failed to carry his burden of establishing subject matter jurisdiction, an AUTOMATIC DISMISSAL of this action without prejudice, and a denial of Plaintiff's Application as moot.

//

//

//

//

//

---

[5] *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (It is well settled that a corporation is a citizen of "(1) the state where its principal place of business is located, *and* (2) the state in which it is incorporated." (citing 28 U.S.C. § 1332(c)(1) (emphasis added))); *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004) (The citizenship of an unincorporated association, such as a limited liability company, "can be determined only by reference to all of the entity's members," and not the laws under which it is organized or where it is registered to do business. (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196–97 (1990))). If any of Oahu Extractions' members are themselves unincorporated associations, such as limited liability companies or limited partnerships, Plaintiff shall additionally identify those entities' members and provide their citizenships.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, February 24, 2020.



Jill A. Otake
United States District Judge

CIVIL NO. 20-00061 JAO-KJM, *Dagatan v. Progressive Auto Insurance Company, et al.*, ORDER TO SHOW CAUSE